UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DARREN DENERMARK, et al.,

                Plaintiffs,                  **MEMORANDUM<br>AND   ORDER**

- against -

                                                     11 CV 5388 (FB)

RANDALL LEWIS, et al.,

                Defendants.
-----------------------------------------------------------X

      Plaintiffs Darren and Katherine Denermark commenced this action in Queens County Supreme Court, seeking damages for personal injuries incurred when Mr. Denermark was allegedly struck by a hydraulic pole unit that was attached to defendant Randall Lewis' commercial vehicle which fell into the toll booth where Mr. Denermark was working. The case was thereafter removed to this Court on November 3, 2011.

      By letter dated August 21, 2012, defendants seek an Order permitting them to transfer the hydraulic pole that is at issue in this case from where it is currently being held in the custody of the MTA[1] to the offices of defendants' counsel at 90 Broad Street, New York, N.Y. (Defs.' 8/21 Ltr. at 1). Plaintiffs initially agreed to defendants' counsel's request for an inspection of the pole, but plaintiffs object to defendants taking custody of the pole itself. (Pls.' 8/29 Ltr. at 2). Plaintiffs propose that the pole be placed in a secure third-party facility, such as the Courthouse, so that notice would be required to inspect the pole. (Id.) If the Court orders defendants' counsel

---

[1] At the time of the accident, officers at the scene took custody of the pole; the MTA has maintained custody of it ever since. (Plaintiffs' Letter, dated August 29, 2012 ("Pls.' 8/29 Ltr."), filed in response to Defendants' Letter Motion, dated August 21, 2012 and submitted by Defendants to the Court on August 28, 2012 ("Def.'s Ltr. 8/21 Ltr.")).

1

to take control of the pole, then plaintiffs request that certain conditions be imposed to maintain the integrity of the evidence. (Id.)

Among the requested conditions are that defendants' expert be required to conduct his examination of the pole in the presence of plaintiffs' counsel and at its current location; that plaintiffs be given access to the pole to conduct an inspection; and that the defendants maintain a formal Evidence Log to record the identity of those with access to the pole. (Id.) Defendants object to these conditions, claiming that an inspection by defendants' expert at the MTA location where the pole currently is being stored is "nonsensical" if the pole is to be transferred to the possession of defendants' counsel, and that the request to maintain a log is "unduly burdensome and unnecessary." (Defs.' 9/4 Ltr.[2] at 1).

As for plaintiffs' request that their expert be permitted to inspect the pole, defendants object, claiming that plaintiffs were given an opportunity to have their expert inspect the pole during 2012. (Id.) In support of this objection, defendants rely on the representation of an unidentified "MTA attorney" and on the Affidavit of Peter Philbrick, Sr., plaintiffs' expert, who states that he did not inspect the pole. (Id.; Ex. 1,[3] ¶ 3). Defendants demand that plaintiffs disclose the identity of the examining expert and any reports generated from the inspection. (Id.) The Court denies this request because under Federal Rule of Civil Procedure 26(b)(4)(D)(ii), a party may "discover facts known or opinions held" by a non-testifying expert only "upon a showing of exceptional circumstances under which it is impracticable for the party seeking

---

[2]Citations to "Defs.' 9/4 Ltr." refer to the defendants' letter, dated September 4, 2012, submitted in reply to plaintiffs' response to the motion.

[3]Citations to "Ex. 1" refer to the Affidavit of Peter A. Philbrick, Sr., dated March 30, 2012 and attached to defendants' September 4, 2012 letter.

discovery to obtain facts or opinions on the same subject by other means.'"[4] As such, "a consulting expert who will not testify at trial 'is generally immune from discovery.'" Monarch Knitting Machinery Corp. v. Sulzer Morat GMBH, No. 85 CV 3412, 1998 WL 338106, at *1-2 (S.D.N.Y. June 25, 2008) (quoting Chiquita Int'l Ltd. v. M/V Bolero Reefer, No. 93 CV 167, 1994 WL 177785, at *1 (S.D.N.Y. May 6, 1994)). Since defendant has failed to assert, let alone prove, exceptional circumstances, the Court denies defendants' demand.

Moreover, the Court denies plaintiffs' request to maintain custody of the pole at the Courthouse. The Court is not equipped to store this type of evidence and cannot maintain it in a secure manner for the duration of this litigation.

Accordingly, IT IS HEREBY ORDERED that:

1) The parties shall agree on another third-party custodian to store and maintain the pole pending trial. Both sides shall be charged with paying half the costs of maintaining the pole in storage.

2) Once the third-party custodian is designated, the Court will Order the MTA to relinquish the pole to defendants to transfer it into the custody of the third-party. Plaintiffs' counsel shall be notified as to the date and time of the transfer and may be present for the pick-up of the pole.

3) The pole will then be maintained in a secure location, with limited access. The third-party custodian shall be responsible for maintaining a log of persons who have access to the pole or who seek to inspect the pole between now and the time of trial.

---

[4] Rule 26(b)(4)(D)(i) allows for a non-testifying expert's report regarding a party's mental or physical condition, when that condition is in controversy, to be turned over to the other party upon request. See Fed. R. Civ. P. 35(b).

3

4) Both parties' experts will be given an opportunity to conduct an inspection of the pole, upon notice to their adversary counsel. Adversary counsel and/or the other parties' expert may be present at the time of the inspection.

5) If defendants' counsel chooses not to inspect the pole at the MTA Bridge facility where it is now being stored, then defendants are Ordered to photograph the pole prior to its transport and waive any right to later claim that the pole was damaged or altered in any way during the course of the transport.

6) The parties will not tamper with, clean, alter, modify, or taint the pole in any way so as to preserve it in its current condition prior to trial, and defendants agree not to raise any objections to the admission of the pole into evidence at the time of trial.

If the parties fail to reach an agreement as to a third-party custodian and/or if plaintiffs object to the cost of a third-party custodian, counsel should notify the Court and the Court will amend its Order to allow defendants' counsel to maintain the pole subject to the above stated conditions.

**SO ORDERED.**

Dated: Brooklyn, New York
October 3, 2012

/s/ CHERYL POLLAK
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York